## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

DAMIEN A. SUBLETT                                                                PETITIONER

v.                                                                          NO. 3:07-CV-003-C

JOHN MOTLEY, WARDEN                                                         RESPONDENT

### REPORT AND RECOMMENDATION

The petitioner, Damien A. Sublett, *pro se*, seeks a writ of habeas corpus, 28 U.S.C.

§ 2254, on two grounds:  involuntary waiver of his *Miranda* rights, and ineffective assistance of

appellate counsel.  The respondent, John Motley, answers that the claims fail on the merits.  The

court referred this matter to the undersigned magistrate judge for a report and recommendation,

28 U.S.C. § 636(b)(1)(A) and (B).  For reasons set forth below, the magistrate judge will

recommend denying the writ.

### I.  FINDINGS OF FACT

1)  The petitioner is serving a twenty-five-year sentence for a conviction on a guilty plea to

twenty-two counts of first degree robbery and to being a persistent felony offender, first degree.

In his plea agreement, the petitioner reserved the right to appeal the trial court's denial of his

motions to suppress statements and evidence.  The Supreme Court of Kentucky found no error

and affirmed the conviction.  This petition ensued.

2)  The facts pertinent to the claims in this petition appear in the reported opinion, *Sublett v.

Commonwealth*, 203 S.W.3d 701 (Ky. 2006).  There, the Supreme Court of Kentucky reports

that Sublett was a recent parolee at the time he came under suspicion of a string of robberies.

(Investigators obtained positive photo identifications from victims, among other evidence.) Sublett's parole officer, being aware that Sublett was a primary suspect, took the opportunity under the terms of Sublett's supervised release to visit his residence, the home of his mother. Sublett's mother told the parole officer that her son had been staying with his sister and to return the next day.  In the interim, police were requesting a search warrant of Sublett's residence.[1]

3)  When parole officers returned the next day, the mother allowed the parole officers to enter and wait in the home; Sublett arrived and the officers promptly arrested him.  At the station, metro police officers interrogated Sublett, following *Miranda* warnings, and obtained incriminating statements.[2]

4)  The mother permitted metro police officers to search her home, but they found no incriminating evidence.  The mother provided officers with Sublett's sister's name and address. The sister allowed metro officers to search her home where they seized incriminating evidence, including a large amount of cash in Sublett's clothing he had left there.[3]


## II.  CONCLUSIONS OF LAW

### A.  Standard of Review

1)  The federal habeas statute, as amended in the Antiterrorism and Effective Death Penalty Act of 1996, provides relief from a state conviction if the petition satisfies one of the following

---

[1]203 S.W.3d at 703.

[2]*Id.*, at 704.

[3]*Id.*

conditions:

> [The state court's] adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This statute further provides that state court determinations of fact are presumed to be correct, unless rebutted by clear and convincing evidence.  § 2254(e)(1); *Thompson v. Keohane*, 516 U.S. 99, 109-10 (1995) (stating that "issues of fact" means basic, primary or historical facts, both in the sense of a recital of external events and the credibility of their narrators).

2)  The Supreme Court of the United States has taken care to distinguish federal habeas review from review on direct appeal, particularly when the state court articulates the correct legal rule in its review of a claim.  In this situation a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 411 (2000).

3)  In the same vein, a federal habeas court may not substitute its evaluation of the state evidentiary record for that of the state trial court unless the state determination is unreasonable. *Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree ... but on habeas review that does not suffice to supercede the trial court's credibility determination.").

**B. Analysis of Petitioner's Claims**

   **Ground One: *Miranda* waiver**

   4)   The petitioner claims the state court erred when it held that the petitioner voluntarily

waived his *Miranda* rights.  In *Moran v. Burbine*, the Supreme Court expounded on the elements

of a valid *Miranda* waiver:

> Echoing the standard first articulated in *Johnson v. Zerbst*, 304 U.S. 458
> (1938), *Miranda* holds that "[t]he defendant may waive effectuation" of the rights
> conveyed in the warnings "provided the waiver is made voluntarily, knowingly
> and intelligently."  384 U.S., at 444.  The inquiry has two distinct dimensions.
> First, the relinquishment of the right must have been voluntary in the sense that it
> was the product of a free and deliberate choice rather than intimidation, coercion,
> or deception.  Second, the waiver must have been made with a full awareness of
> both the nature of the right being abandoned and the consequences of the decision
> to abandon it.  Only if the "totality of the circumstances surrounding the
> interrogation" reveals both an uncoerced choice and the requisite level of
> comprehension may a court properly conclude that the *Miranda* rights have been
> waived.  (internal and parallel citations omitted.)

475 U.S. 412, 421 (1986).

   5)   On habeas review, the voluntariness of a confession presents a mixed question of law and

fact, *Thompson v. Keohane*, 516 U.S. 99 (1995); *Miller v. Fenton*, 474 U.S. 104 (1985), a

determination which is not entitled to a presumption of correctness.  Therefore, the court must

determine whether the state court's adjudication was unreasonable.  The magistrate judge

concludes the voluntariness determination was neither erroneous nor unreasonable.

   6)   The petitioner argues he eventually signed a waiver form only after concluding the

interrogators would not honor the *Miranda* rights he previously invoked.  In a detailed findings

of fact, the trial court concluded that the petitioner's version was untenable and not credible.

The trial court concluded that under a totality of the circumstances, the waiver was voluntary.

The Supreme Court of Kentucky affirmed the trial judge on the ground that substantial evidence

-4-

supported the finding of voluntariness.  The opinion set out the trial judge's analysis, as follows:[4]

> Accepting Defendant's version of the four and one-half hours that transpired
> between his 9:30 arrest at his mother's home and his signature on the Waiver of
> Rights form would require the conclusion that every single police officer who
> came in contact with Defendant prior to 2:00 p.m. on August 28 ... Ignored (sic)
> Defendant's repeated requests to remain silent and to have an attorney.  In
> addition, if Defendant's version were accurate, all of the aforementioned officers
> who testified lied to the Court while under oath.  Moreover, Defendant has
> admitted to this Court that he lied to Detective Duncan about the presence of his
> multiple personalities or alter-egos, Rick and Carlos, allegedly because he was
> being forced to talk and was "acting silly."  Accepting Defendant's version of the
> events also entails concluding that several officers repeatedly denied Defendant's
> requests for an attorney and invocation of his right to remain silent but then,
> inexplicably, Detective Colebank honored that right and ceased all questioning
> about two robberies for which no confession had been made.  Although
> Defendant appears to have been at the Robbery Unit Office for approximately
> three to four hours before the Rights Waiver form was signed, Defendant's
> description of events during those hours simply is not credible.  Indeed, given the
> totality of the circumstances, the Commonwealth has met its burden of
> establishing by a preponderance of the evidence that Defendant provided a
> voluntary statement.

7)  The magistrate judge concludes that it was reasonable for the trial judge to credit the

officer's testimony over that of the petitioner.  Because the trial judge's credibility determination

was a reasonable determination of the facts, the state court's determination that the petitioner

voluntarily waived his *Miranda* rights was also reasonable.  Because this claim fails to satisfy

the statutory conditions for habeas relief, the magistrate judge will recommend dismissing this

claim.

**Ground Two:  Ineffective Assistance of Counsel**

8)  In a *pro se* motion filed soon before entering a plea agreement, the petitioner requested

the trial judge to reconsider whether on the facts of the case, his mother consented to the parole

---

[4]*Id.*, at 709.

officer's entry to her home.[5]  The petitioner claims he received ineffective assistance of counsel because counsel failed to argue the substance of this *pro se* motion on appeal .  The magistrate judge concludes this claim lacks merit.

9)  Under the seminal case, *Strickland v. Washington*, 466 U.S. 668 (1984), the defendant must show two elements:  that counsel's performance was deficient and that the deficiency prejudiced the defense to such a degree that the trial result is unreliable or considered to be unfair.  *See id.*, at 686; *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004).

10)     The respondent argues this claim fails on the facts because the state court actually addressed the issue of consent – the subject of the *pro se* motion.[6]  Indeed, the petitioner concedes the Supreme Court of Kentucky "partially addressed the *pro se* motion."[7]  To be more specific, the reported opinion does not merely address the *pro se* pleading but implicitly rejects it by stating that the "trial court's factual finding that Ms. Sublett consented to the entry of her home is conclusive since we find it to be supported by substantial evidence."[8]

---

[5]Pet. at 20-21.  Although no incriminating evidence was found in the mother's home, the petitioner appears to be arguing that because the mother provided information which led to the search of Sublett's sister's house where police eventually found incriminating evidence, the subsequent search and seizure was the product of a warrantless, unreasonable search and seizure.

[6]The respondent characterizes this as a nominal claim of ineffective assistance and suggests the claim, in substance, challenges the exclusion of the evidence and, consequently, runs afoul of the *Stone v. Powell* doctrine. This doctrine precludes habeas review of claims arising under the exclusionary rule when the state courts have given the matter full consideration.  *Stone v. Powell*, 428 U.S. 465 (1976).  The magistrate judge agrees that such a Fourth Amendment claim in this petition is not cognizable on habeas review.  *See Brecht v. Abrahamson*, 507 U.S. 619, 634-35 (1993) ("Claims under *Mapp v. Ohio*, 367 U.S. 643 (1961), are not cognizable on habeas as long as the state courts have provided a full and fair opportunity to litigate them at trial or on direct review."); *Cardwell v. Taylor*, 461 U.S. 571 (1983) (holding *Stone v. Powell* doctrine bars habeas review to a claim that custodial statements were obtained in violation of the Fourth Amendment).

[7]Pet. at 21.

[8]203 S.W.3d at 704-05.

11)     The magistrate judge concludes the petitioner fails to show that appellate counsel's performance was deficient or that any failure on the part of appellate counsel to argue or to submit the *pro se* motion on appeal did not result in an adjudication that was unreliable or unfair. Because this claim lacks essential elements of ineffective assistance of counsel, the magistrate judge will recommend dismissing this claim.

**Petitioner's Motion for Summary Judgment:**

12)     The petitioner restates his claims in a summary judgment motion but also argues he is entitled to a default judgment for the respondent's failure to comply with the court's orders. After a review of the docket sheet, the magistrate judge concludes this argument has no basis in fact or law and will recommend denying this motion.

## III. RECOMMENDATION

The undersigned magistrate judge concludes the conviction should stand and recommends dismissing the petition for its failure to satisfy the conditions for granting habeas relief in § 2254.

## IV.  CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation in this matter, it must determine whether a certification of appealability should issue.  The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The magistrate judge is persuaded that reasonable jurists would not find debatable or wrong the correctness of the assessments made in this report and recommendation. The magistrate judge therefore recommends that the court decline to issue a certificate of appealability.

DATE:

Copies to:  Counsel of Record

### **NOTICE**

Within ten (10) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.